IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) <br> ) <br> Joe R. Whatley, Jr., solely in his capacity ) <br> as the WD Trustee of the WD Trust, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Canadian Pacific Railway Limited, et al., ) <br> ) <br> Defendants. ) | **ORDER DENYING MOTION TO COMPEL** <br><br> Case No.: 1:16-cv-74 |

## I. Background.

Before the Court is a motion by Defendants to compel discovery. (Doc. No. 135). In the underlying case, Plaintiff's claims were acquired by assignment from two entities, identified here for clarity's sake as "World Fuels" and "Irving." World Fuels is an American corporation, while Irving is based in Canada. Plaintiff seeks recovery from Defendants under the Carmack Amendment for claims surrounding a 2013 train derailment.

This litigation has a lengthy procedural history involving several stays of discovery. Underlying the instant dispute, Defendants served four sets of discovery requests on Plaintiff in June 2019: document requests and interrogatories related to World Fuels, and document requests and interrogatories related to Irving.

Results in these four categories have been minimal. In response to Defendants' document requests regarding World Fuels, Plaintiff served a subpoena on World Fuels in July which included Defendants' requests. See Doc. No. 139-9. But according to Defendants, the responses received under the subpoena by the time of the instant motion were only responsive to two of

1

their document requests, out of a total of 27. Additionally, it appears Plaintiff did not request a formal response from World Fuels to the subpoena until October. See Doc. Nos. 134-11, 139-14. Regarding the Irving document requests, Plaintiff has provided at least some documents that were produced in a separate litigation, although Defendants contend that these are totally unresponsive to their requests in the instant case.

There does not appear to have been any progress on Defendants' interrogatories, though Plaintiff has repeatedly offered to respond to them himself, based on documents from Irving and World Fuels.

**II.     Analysis**.

The crux of the legal issue before the Court is whether Plaintiff, as assignee, has the same obligations regarding discovery that World Fuel and Irving would have had were they bringing their claims directly.

Defendants answer in the affirmative, citing numerous district court decisions to bolster their position. Chief among these is the 2005 case of JP Morgan Chase Bank v. Winnick, 228 F.R.D. 505, 507 (S.D.N.Y. 2005). In Winnick, the Court confronted the "unusual issue" of a plaintiff's discovery obligations when a plaintiff is an assignee. 228 F.R.D. at 506. The court ultimately concluded that it would be unfair to allow the plaintiff to escape the obligations of discovery due to his assignee status and ordered plaintiff to respond to defendants' discovery requests. Id. at 507-8. Defendants request the Court do the same here.

Plaintiff counters that the plain text of Fed. R. Civ. P. 34 controls the issue. Rule 34(a) provides that "a party may serve on any other party" requests for documents "in the responding party's possession, custody, or control." Documents from Irving and World Fuels, Plaintiff contends, are outside Plaintiff's control and thus outside Plaintiff's discovery obligation under

2

the Federal Rules. A single recent case, MAO-MSO Recovery II, LLC v. Mercury Gen. Corp., uses similar reasoning. The MAO-MSO court cites the plain language of Rule 34 and Ninth Circuit law, reasoning that despite considerations of fairness, a Plaintiff-assignee has no obligation to provide discovery from its assignor. 2019 WL 2619637, at *3 (C.D. Cal. May 10, 2019). There is no Eighth Circuit case law on point.

Considering the state of the law, the Court concludes the Plaintiff has the better argument. While sympathetic to the concerns of fairness cited by Defendant, the language of Rule 34 regarding "possession, custody, or control" is clear. Other district courts have read "possession, custody, or control" to encompass documents which a party has the legal right to obtain on demand, see., e.g., Roark v. Credit One Bank, N.A., 2016 WL 11606777, at *3 (D. Minn. Dec. 2, 2016), citing In re Hallmark Capital Corp., 534 F. Supp. 2d 981, 982 (D. Minn. 2008). But even this reading does not benefit Defendants; if Plaintiff had the right to obtain these documents on demand, through the assignment agreement or otherwise, it would not have earlier applied to this Court for letters rogatory and/or a subpoena to obtain them. Especially without any guidance from the Eighth Circuit encouraging such a course, this Court is unwilling to subvert what appears to be the plain meaning of the Federal Rules. Furthermore, the end result of such an expansion of Rule 34 is unclear. If the Court does demand explicitly that Whatley obtain these documents without the obvious legal right to do so, how far must Whatley pursue this directive? If Whatley attempts to enforce his subpoena and World Fuels objects, how vigorously must Whatley litigate the issue?

For these reasons, the Court urges that Defendants themselves pursue available third-party discovery mechanisms. For instance, Defendants are free to take advantage of Rule 45, which permits a subpoena to be issued compelling a non-party to produce evidence without a

deposition, and subjects a non-party witness to "the same scope of discovery as . . . a party to whom a request for documents and other materials is addressed pursuant to Rule 34." Wright, Miller and Marcus, Fed. Prac. & Proc. Civ., § 2452 Relation of Rule 45 to the Discovery Rules, 9A (3d ed. 2010). Likewise, nothing prevents Defendants from moving for the issuance of letters rogatory.

As such, the Court **DENIES** the motion to compel (Doc. No. 135) and **DENIES** the motion for sanctions. The Court is mindful of fairness concerns and the considerable delay experienced. As such, the Court **ORDERS** the following:

1. As soon as possible, counsel for Plaintiff must provide counsel for Defendants with all available responsive information, including the amount that each Assignor was paid and/or reimbursed by insurance providers, as well as the identities of all providers. (See Doc. No. 139-11). If this information is insufficient for their purposes, Defendants are encouraged to pursue other available means to obtain information from third parties.
2. Plaintiff shall continue to turn over any responsive documents obtained through other litigation.
3. Plaintiff is strongly encouraged to assist Defendants in any way possible to obtain other relevant information from Assignors.

   **IT IS SO ORDERED**.

Dated this 19th day of December, 2019.

>  */s/ Clare R. Hochhalter*
>  Clare R. Hochhalter
>  United States Magistrate Judge