**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In re: ) <br> ) <br> Joe R. Whatley, Jr., solely in his capacity ) <br> as the WD Trustee of the WD Trust, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Canadian Pacific Railway Limited, et al., ) <br> ) <br> Defendants. ) | **ORDER THAT ASSIGNOR DISCOVERY IS NOT MOOT** <br><br> Case No.: 1:16-cv-74 |

Before the Court is Defendants' Motion for an Order That Assignor Discovery Is Not Moot and Should Proceed Without Delay. (Doc. No. 235). For the reasons stated below, this motion is granted.

## I. BACKGROUND

The litigation underlying this discovery dispute stems from a 2013 train derailment in Lac-Mégantic, Canada. See Doc. No. 1. Plaintiff's claims against Canadian Pacific Railway Limited, Canadian Pacific Railway Company, Soo Line Corporation, and Soo Line Railroad Company ("Defendants") were acquired by assignment from two entities, World Fuel Services, Corp. ("World Fuel") and Irving Oil Ltd. ("Irving"). See id. The litigation dates back to 2016 and the instant dispute is over a year old.

On October 10, 2019, Defendants moved this court for an order compelling discovery from Plaintiff Joe R. Whatley ("Whatley"), demanding that he produce discovery from assignors. See Doc. No. 135. While even at that time the discovery process had a lengthy history, Defendants' motion most directly related to four discovery requests served on Whatley on June

1

21, 2019: document requests and interrogatories related to World Fuel, and document requests and interrogatories related to Irving. See Doc. Nos. 134-2, 134-3. The Court ultimately denied Defendants' motion, suggesting that Defendants themselves use third-party discovery mechanisms to obtain the necessary information from World Fuel and Irving. See Doc. No. 143. The Court also "strongly encouraged" Whatley to assist Defendants "in any way possible to obtain other relevant information from Assignors." See id. At the time that order was issued, Whatley apparently had served World Fuel with subpoenas in a case before the United States Bankruptcy Court for the District of Maine. See Doc. No. 134-6, p. 13 (describing subpoenas issued); Doc. No. 197-3.

Between December 2019 and the present, Defendants reached an agreement with Irving regarding the production of documents. See Doc. No. 235, p. 1, n. 1.  Thus, the sole outstanding dispute lies with World Fuel.

After entry of the Court's December 19, 2019 Order, counsel for Defendants emailed counsel for Whatley asking for an update on the subpoenas he had issued on World Fuel in the District of Maine action. See Doc. No. 156-3. Whatley apparently moved to compel compliance with his subpoenas on March 4, 2020, and his motion was granted by default on April 7, 2020, after World Fuel failed to respond. See Doc. No. 197-3.

On March 11, 2020, Defendants served their own subpoena on World Fuel. See Doc. No. 197, ¶ 4.  Having apparently received no documents by April 10, Defendants filed a motion to enforce compliance in the Southern District of Florida. Id. at ¶ 5. Unlike Whatley's motion, World Fuel did respond to Defendants' motion. See Doc. No. 197-1. Defendants' motion was ultimately granted by Judge Edwin Torres on May 22, 2020. Id. Dismissing World Fuel's objections that compliance would be unduly burdensome, Judge Torres noted that World Fuel

failed to object or otherwise respond to Defendants' subpoena when it was served, and further, failed to support its claims that compliance would be onerous. Id. at 7-8. He ordered World Fuel to produce the requested documents within 30 days, i.e., by June 21, 2020. Id. at 8.

World Fuel produced no documents within the 30-day period, and Defendants moved for sanctions in the Southern District of Florida on June 30, 2020. See Doc. No. 197, ¶ 7. On July 2, 2020, World Fuel produced 54 documents. Id. at ¶ 8. It made another production on July 23, 2020. See Doc. No. 236, ¶ 5. On August 19, 2020, Judge Torres denied Defendants' motion for sanctions, citing among other reasons Defendants' failure to comply with a local rule requiring them to confer before filing their motion, and the fact that World Fuel by that point had produced additional documents in July. See Joe R. Whatley, Jr. v. World Fuel Services Corporation, 1:20-cv-20993, Case No. 20-20993-MC-SCOLA/TORRES (S.D. Fla. Aug. 19, 2020).

During this time, the parties' summary judgment motions were pending before Judge Wilson; Whatley had moved for partial summary judgment on April 10, 2020, and Defendants had moved for summary judgment on May 8, 2020. (Doc. Nos. 157, 173). As a result of the July 23 production, on August 6, 2020, Defendants filed a Motion for Leave to submit a supplemental memorandum to call to the Court's attention "newly produced relevant documents from Plaintiff's assignor, World Fuel." See Doc. No. 202. In their motion, they asserted that the newly-produced documents support their arguments in the pending summary judgment motions. Id. at p. 1. Judge Wilson entered an Order on summary judgment that same day. (Doc. No. 203). He subsequently denied Defendants' request to supplement its motion with the new discovery. See Doc. No. 207.

Judge Wilson's Order on summary judgment resolved many of the claims, leaving open only questions related to damages under World Fuel's assigned claims. See Doc. No. 203. World

Fuel has since maintained the position that all discovery on issues other than damages is moot. The discovery process has consequently reached an impasse.

On September 18, 2020, Defendants moved for an order confirming their right to obtain discovery from World Fuel. On October 2, 2020, Whatley filed a brief in opposition. (Doc. No. 245). On October 2, 2020, World Fuel filed a Motion to Intervene, including its proposed response in opposition to Defendants' motion. (Doc. No. 246-1). Defendants filed a reply on October 9, 2020. (Doc. No. 249). World Fuel's Motion to Intervene has now been granted by the Court. (Doc. No. 251). World Fuel has subsequently filed its response. (Doc. No. 253). The matter has been fully briefed and is ripe for the Court's review.

## II.     ANALYSIS

The arguments of the parties center on the propriety of discovery on an issue that has been resolved by summary judgment. Whatley and World Fuel also make arguments regarding the burden imposed by World Fuel's compliance.

Whatley and World Fuel both contend that any discovery obligations the latter may have had are moot due to Judge Wilson's August 6, 2020 order which resolved all claims except those relating to damages. Whatley anchors his opposition on the text of Rule 26, contending that the "burden or expense of the proposed discovery" outweighs its benefit when the relevant issues have been resolved on summary judgment. He cites a number of cases wherein courts declined to allow discovery on issues resolved by interlocutory order. World Fuel likewise bases its objection on relevance, noting that reconsideration is rarely granted and protesting that it should not be obligated to produce documents irrelevant to the remaining issues.  It further argues that it already underwent significant effort responding to Defendants' request and that further discovery would be unduly burdensome.

In their Reply, Defendants urge the Court to reject these mootness arguments because both Whatley and World Fuel wrongly resisted discovery attempts that should have produced the discovery before Judge Wilson's order was issued. They also argue that neither Whatley nor World Fuel have standing to make their objections.

### A. Governing Law

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena commanding a non-party to produce documents, electronically stored information, or tangible things in that person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena must seek relevant information. Pointer v. DART, 417 F.3d 819, 821 (8th Cir. 2005), citing Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 360–62 (8th Cir. 2003) and Fed.R.Civ.P. 26(b)(1). Rule 26(b)(1) sets out the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The scope of discovery under Rule 26(b) is extremely broad. Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 211 (D.S.D. 2018), citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2007, 36–37 (1970). "The reason for the broad scope of discovery is that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" United States v. Johnson, 2020 WL 948083, at *2 (D.N.D. Feb. 26, 2020), quoting 8 Wright & Miller, § 2007, 39. However, fishing expeditions are not to be

permitted; some threshold showing of relevancy must be made. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. Dec. 14, 1992).

Regarding the specific issue of discovery on an issue resolved by interlocutory order, courts have both denied and allowed discovery in such cases. See, e.g., Jenkins v. Campbell, 200 F.R.D. 498, 501 (M.D. Ga. 2001) (denying in part plaintiff's motion to compel, where most of plaintiff's claims were already decided, on the grounds that plaintiff was not entitled to "extremely costly, unproductive" discovery on irrelevant issues); but see Graber v. City & Cty. of Denver, 2011 WL 3157038, at *2 (D. Colo. July 27, 2011) (granting plaintiff's motion to compel against defendants who previously prevailed on summary judgment when matters were relevant to pending motion for reconsideration). Wright & Miller's Federal Practice and Procedure describes the court's discretion in ruling on this issue: "[U]nder some circumstances, although not all, discovery that goes only to a claim or defense that has been stricken may properly be refused." § 2008 Relevancy to the Claims or Defenses—Admissibility not Required, 8 Fed. Prac. & Proc. (3d ed.).

In general, a district court's discretion is particularly broad as to discovery matters. Carr v. Anheuser-Busch Companies, Inc., 495 Fed. Appx. 757, 767 (8th Cir. 2012), citing Cook v. Kartridg Pak Co., 840 F.2d 602 (8th Cir. Mar. 1, 1988). Lastly, as with all the Federal Rules of Civil Procedure, the rules governing discovery "should be construed. . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**B.     Analysis**

In a typical case, entry of partial summary judgment might well constitute grounds for limiting discovery. This is not a typical case. The Court is not persuaded that the entry of Judge Wilson's order renders irrelevant the discovery sought from World Fuel.

Not only is Judge Wilson's order subject to change, but evidence from World Fuel is relevant to the pending reconsideration motions. While the undersigned is not inclined to give particular weight to Defendants' contention that the transfer of the case from Judge Wilson to Judge Traynor makes their motion for reconsideration more likely to be granted, modification of Judge Wilson's order remains a possibility.

Further, evidence from World Fuel is relevant to the pending reconsideration motions. Whatley makes much of the fact that Defendants moved for summary judgment affirmatively, implying that this action undermines any claim that further discovery is needed. But the Court notes that Defendants *did* attempt to supplement their summary judgment motion with the newly-obtained evidence from World Fuel before the motion was decided, advising in their brief that they only received the information two weeks before. See Doc. No. 202.  Defendants cite this evidence again in their pending motion for reconsideration. See Doc. No. 217, p. 9, n. 7. Given Defendants' repeated requests to invoke the evidence already produced by World Fuel, together with the possibility of reconsideration, the Court does not find the outstanding information to fall outside Rule 26's broad scope. The requested discovery is relevant.

Also critical to the Court's analysis is the history of World Fuel's resistance to Defendants' subpoena. World Fuel already had the chance to litigate compliance with the subpoena. Not only did they have the right to file an objection initially – which they failed to do – but they made arguments regarding undue burden before Judge Torres, who officially rejected their arguments and ordered them to comply.

The Court notes that World Fuel has apparently made some production since Judge Torres's order. But World Fuel does not argue that it has fully complied with the subpoena. Instead, it writes:

> In the event that the Court grants reconsideration . . . [World Fuel] will conduct a further review to determine whether there are any additional responsive non-privileged documents relevant to the issues still remaining in the case. Unless the Court reverses its rulings, [World Fuel] should not be required to produce any additional documents irrelevant to the issues remaining in the litigation.

Doc. No. 253, p. 3.

World Fuel's "further review" is long overdue. Whatever additional documents exist must be produced without delay.

### III.  CONCLUSION

Nearly a year ago, the Court advised Defendants to seek discovery directly from World Fuel and encouraged Whatley to assist as much as possible. The Court is unimpressed with the results. It is within this Court's discretion to allow discovery even on matters resolved by summary judgment, and in the unique circumstances of this case, the undersigned sees fit to mandate such discovery; to hold otherwise would reward World Fuel for its delays to the detriment of justice in this case. The Court finds that the sought-after discovery is not moot and **ORDERS** World Fuel to immediately comply with Defendants' subpoena.

**IT IS SO ORDERED**.

Dated this 28th day of October, 2020.

*/s/  Clare R. Hochhalter*
Clare R. Hochhalter
United States Magistrate Judge