IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: ) <br> ) <br> Joe R. Whatley, Jr., solely in his capacity ) <br> as the WD Trustee of the WD Trust, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Canadian Pacific Railway Company, et al., ) <br> ) <br> Defendants. ) | **ORDER GRANTING MOTIONS TO COMPEL** <br><br> Case No.: 1:16-cv-74 |

Before the Court are two Motions to Compel filed by Defendants Canadian Pacific Railway Company and Soo Line Railroad Company (collectively, "CP") on November 12, 2020 and March 9, 2021. See Doc. Nos. 258 and 296. The Court grants these motions for the reasons stated below.

I.   BACKGROUND

The litigation underlying this dispute stems from a 2013 train derailment in Lac-Mégantic, Quebec, Canada. See Doc. No. 1. Plaintiff Joe. R. Whatley, Jr. ("Whatley") brought claims against CP that were acquired by assignment from two entities, World Fuel Services, Corp. ("World Fuel") and Irving Oil Ltd. ("Irving"). See id.

The process of obtaining discovery from these assignors has involved much motion practice. CP reached an agreement with Irving regarding the production of documents in September 2020. See Doc. No. 235, p. 1, n. 1.  Thus, the remaining discovery issues concern only World Fuel.

1

World Fuel's production in response to CP's March 2020 subpoena remains at issue – more specifically, World Fuel's decision to withhold some documents and redact others on attorney-client privilege grounds.

While CP's efforts to obtain discovery from World Fuel predate the service of its March 2020 subpoena, the dispute originates there and continues through the next year. Relevant background is set forth below.

### A.     March 2020 Subpoena and Related Motion Practice

On March 3, 2020, CP served a subpoena on World Fuel. See Doc. No. 197-1, p. 7. The subpoena called for production of documents by March 11, 2020. See Doc. No. 311-2, p. 2. Having received no documents by April 10, CP filed a motion to enforce compliance in the Southern District of Florida. See Doc. No. 197, ¶ 5.

CP's motion was granted by Judge Edwin Torres on May 22, 2020. See Doc. No. 197-1. Dismissing World Fuel's objections that compliance would be unduly burdensome, Judge Torres noted that World Fuel failed to object or otherwise respond to CP's subpoena when it was served, and further, failed to support its claims that compliance would be too onerous. Id. at 7-8. He ordered World Fuel to produce the requested documents within 30 days, i.e., by June 21, 2020. Id. at 8.

World Fuel produced no documents within the 30-day period, and CP moved for sanctions in the Southern District of Florida on June 30, 2020. See Doc. No. 197, ¶ 7.

World Fuel started making some productions while the motion for sanctions was pending. On July 2, 2020, it produced 54 documents, and represented the production was a complete response to the subpoena. Id. at ¶ 8; see also Doc. No. 301, ¶ 7. World Fuel made

another production on July 23, 2020, again representing production was complete. See Doc. No. 236, ¶ 5. It first provided a privilege log on July 23, 2020. See Doc. No. 266, p. 5.

The parties' cross-motions for summary judgment in the underlying case were pending before Judge Wilson, during this time. See Doc. Nos. 157, 173. On August 6, 2020, Judge Wilson ruled on the pending motions. See Doc. No. 203. His order resolved many of the parties' claims. See id.

On August 19, 2020, Judge Torres denied CP's motion for sanctions, citing its failure to comply with a local rule requiring it to confer with World Fuel before filing its motion, World Fuel's production of additional documents throughout the month of July, and World Fuel's service of a privilege log. See Joe R. Whatley, Jr. v. World Fuel Services Corporation, 1:20-cv-20993, Case No. 20-20993-MC-SCOLA/TORRES, p. 8-11 (S.D. Fla. Aug. 19, 2020). Judge Torres believed the parties could have resolved some or all of the disputes regarding World Fuel's production, if the parties had conferred as required by the local rule. See id. at 10. Judge Torres questioned whether Judge Wilson's ruling on summary judgment mooted the remaining dispute. See id.

Discovery reached an impasse. World Fuel argued its production under the March 2020 subpoena was mooted by Judge Wilson's order. On September 18, 2020, CP requested an order from this Court confirming its right to obtain discovery pursuant to the March 2020 subpoena, and World Fuel moved to intervene, opposing CP's motion. See Doc. Nos. 235, 246. On October 28, 2020, the undersigned granted CP's motion and ordered World Fuel to produce the remaining documents responsive to the March 2020 subpoena without delay. See Doc. No. 254. The Order was affirmed on December 10, 2020 by Judge Traynor, now the presiding judge. See Doc. No. 279.

B.     **Discovery Progress and CP's Motions to Compel**

CP filed the first pending Motion to Compel on November 12, 2020, a day after World Fuel appealed the October 28, 2020, order. See Doc. No. 258. World Fuel responded on November 25, 2020, and CP replied on December 2, 2020. See Doc. Nos. 266 and 274.

World Fuel resumed production of March 2020 subpoena documents the same month. It made a document production on November 11, 2020, provided a revised privilege log on November 19, and a further production of documents on November 22. See Doc. Nos. 297, ¶ 3, and 266-4. It produced further documents on December 11, 2020, and another privilege log on December 15, 2020. See Doc. No. 297, ¶¶ 3, 5. World Fuel made more productions on January 20, 2021, January 22, 2021, February 10, 2021, February 19, 2021, and February 25, 2021. See Doc. No. 297, ¶ 3. It provided another privilege log on February 24, 2021. See id. at ¶ 5.

CP filed its second pending Motion to Compel on March 9, 2021, arguing World Fuel's production remained deficient and that World Fuel continued to improperly invoke attorney-client privilege. See Doc. No. 296. On March 22, 2021, World Fuel provided a revised privilege log with updated descriptions and an index of individuals listed on the log. See Doc. Nos. 299-3, 299-4. It produced more material the same day. See Doc. No. 301, ¶ 7.

World Fuel responded to CP's second motion on March 23, 2021, and CP replied on March 30, 2021. See Doc. Nos. 299, 300. The issues are fully briefed and ripe for the Court's review.

**II.    Governing Law**

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena commanding a non-party to produce documents, electronically stored information, or tangible things in that

person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Regarding objections, Fed. R. Civ. P. 45(d)(2)(B) states in relevant part:

> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. *The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.*

Fed. R. Civ. P. 45(d)(2)(B).

Claims of privilege or protection and a person's associated withholding of subpoenaed information are addressed in Fed. R. Civ. P. 45(e)(2)(A)(i-ii), which states in relevant part:

> (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
>
>> (i) expressly make the claim; and
>>
>> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2)(A)(i-ii).

The issue here is whether a failure to object within the time period specified in Fed. R. Civ. P. 45(d)(2)(B) (i.e., before the earlier of the time specified for compliance or 14 days after the subpoena is served) results in waiver of claims of attorney-client privilege. The law governing this narrow topic is discussed at length below in Section III, "Analysis."

In general, a district court's discretion is broad as to discovery matters. Carr v. Anheuser-Busch Companies, Inc., 495 Fed. Appx. 757, 767 (8th Cir. 2012), citing Cook v. Kartridg Pak Co., 840 F.2d 602 (8th Cir. Mar. 1, 1988).

Lastly, as with all the Federal Rules of Civil Procedure, the rules governing discovery "should be construed. . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III.  ANALYSIS

In its first motion, CP seeks production of all documents responsive to its March 2020 subpoena which are thus far withheld and/or redacted by World Fuel, on the grounds that these withholdings and redactions are improper. It asserts that World Fuel waived all privilege objections by failing to timely object to the subpoena and because its privilege log, when submitted, was both untimely and deficient. In the alternative, it requests *in camera* review of World Fuel's withheld documents to determine whether its claims of privilege are proper.

In its second motion, CP reiterates its claim that World Fuel waived all privilege objections due to its failure to timely object to the subpoena. It further claims that World Fuel's revised privilege log is deficient. CP accuses World Fuel of claiming privilege in a variety of inapplicable situations such that the Court should order disclosure of the redacted or withheld documents or, in the alternative, conduct an in-camera review of the documents described in the log.

First, the Court will address the question of whether World Fuel's attorney-client privilege claims are waived entirely by its failure to object within the time limits required by Fed. R. Civ. P. 45(d)(2)(B).

### A.  Whether World Fuel Waived Privilege by Failing to Timely Object

In both its motions, CP claims that World Fuel waived all claims of attorney-client privilege by failing to timely object. World Fuel disagrees, characterizing as unreasonable CP's assertion that it was required to object so quickly.

The parties base their claims both on relevant caselaw and the rulings of Judge Torres regarding subpoena compliance. The undersigned will address Judge Torres's orders first and then move to a discussion of the various approaches other courts have taken on this topic.

### 1. Effect of Judge Torres's Orders

The parties rely heavily on two orders issued by Judge Edwin Torres in the Southern District of Florida in May and August 2020. As outlined above, the first of these orders, issued on May 22, 2020, granted a Motion to Compel which CP filed on April 10, 2020 after World Fuel failed to respond to CP's March 3, 2020 subpoena.

#### a. Judge Torres's May 22, 2020 Order

In his May 2020 Order, Judge Torres discusses the law surrounding Rule 45 and objections to subpoenas pursuant to its provisions. See Doc. No. 197-1, p. 5-7. His discussion includes objections on the basis of privilege and the requirement for parties to articulate their objections with specificity. See id. at 6-7.

Judge Torres then goes on to analyze World Fuel's response to CP's March 2020 subpoena:

> Here, [World Fuel] takes issue with CP's subpoena because it seeks documents in response to 22 requests for production. The problem with [World Fuel's] response is that never disputes the fact that – when CP served its subpoena on March 3, 2020 – [World Fuel] failed to object or otherwise respond as required under Rule 45. And the failure to serve any objections in the time provided constitutes a waiver of any objections. *See Carroll v. TheStreet.com, Inc.*, 2013 WL 12383301, at *1 (S.D. Fla. Apr. 15, 2013) ("[F]ailure to serve written objections to a subpoena generally waives any objections the person subject to a subpoena may have.") (citing cases).

See Doc. No. 197-1, p. 7-8 (footnote omitted).

7

Quoting this language, CP writes that "Judge Torres found **as a matter of law** that World Fuel waived '**any objections**'" to its subpoena. (Doc. No. 300, p. 3, emphasis in original). It argues this includes objections based on privilege.

CP's reading of Judge Torres's order is facially reasonable. Judge Torres does not explicitly find a waiver of attorney-client privilege; rather, he specifically rejects World Fuel's objections as to undue burden. In reaching his conclusion, Judge Torres includes objections based on attorney-client privilege as an example of an objection that must timely be made with specificity. World Fuel's opposition to CP's Motion to Compel only makes incidental mention of the burden associated with reviewing responsive documents for attorney-client privilege. World Fuel's failure strengthens CP's case for waiver. See generally Doc. No. 299-1 (World Fuel's April 24, 2020 Response to CP's Motion to Compel). While the Court acknowledges Judge Torres's ruling may not bind future discovery requests apart from the March 2020 subpoena and may have no impact on admissibility at trial, his plain statement that "failure to serve any objections in the time provided constitutes a waiver of any objections" seems clear as to those documents included in the March 2020 subpoena.

    b.  **Judge Torres's August 19, 2020 Order**

World Fuel argues that Judge's Torres's August 19, 2020 Order denying CP's Motion for Sanctions constitutes an explicit rejection of CP's claims that World Fuel waived its attorney-client privilege. In his August 2020 Order, Judge Torres rejects CP's request for sanction on several grounds, including CP's failure to comply with a local rule requiring them to confer with World Fuel before filing their motion, World Fuel's production of additional documents throughout the month of July, and World Fuel's service of a privilege log. See Joe R. Whatley, Jr. v. World Fuel Services Corporation, 1:20-cv-20993, Case No. 20-20993-MC-

SCOLA/TORRES, Doc. 26, p. 8-11 (S.D. Fla. Aug. 19, 2020). He writes that if CP had conferred as required, the parties could have resolved their disputes without the need for court intervention, including "disputes on the number of responsive documents, *arguments on privilege, the need for a privilege log*, and which documents were in response to CP's requests." Id. at 10 (emphasis added).

Reviewing Judge Torres's order and his pragmatic discussion of World Fuel's response to the subpoena, the undersigned can see why World Fuel seizes upon this order as proof that Judge Torres did not find their claims of attorney-privilege to be altogether waived. Yet it is apparent that the primary thrust of Judge Torres's ruling was his refusal to excuse CP's violation of Local Rule 7.1. Judge Torres's order does not explicitly excuse World Fuel's failure to object. If Judge Torres had made a definite ruling one way or the other, the undersigned would be inclined to defer to it. As he did not, the Court moves on to a survey of the relevant law.

**2.     Analysis of Applicable Law**

Numerous jurisdictions hold that a party objecting to a subpoena must assert all objections, including objections on the basis of privilege, within 14 days of service of the subpoena, even if the privilege log itself is not supplied during that time. For instance, "[t]he Second Circuit has held that a party objecting to a subpoena for production and inspection must set forth all of its grounds for objection, including privilege grounds, within fourteen days of service of the subpoena." Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 240 F.R.D. 44, 47 (D. Conn. 2007) citing DG Creditor Corp. v. Dabah, 151 F.3d 75, 81 (2d Cir. 1998) and Fed.R.Civ.P. 45(c)(2)(B).[1] A full privilege log must be supplied either with the objection or

---

[1] As explained in the Advisory Committee Notes for the 2013 Amendment to Federal Rule 45, the current subdivision (d) contains the provisions formerly in subdivision (c).

"within a reasonable time thereafter." Horace Mann Ins. Co., 240 F.R.D. at 47. In the words of another court, "[A] party objecting to a subpoena on the basis of privilege must both (1) object to the subpoena and (2) state the claim of privilege within fourteen days of service, as required by Rule 45(c)(2)(B)." Tuite v. Henry, 98 F.3d 1411, 1416 (D.C. Cir. 1996).

Furthermore, many courts agree that failure to raise the issue of attorney-client privilege within the limits imposed by Fed. R. Civ. P. 45(d)(2)(B) generally waives all claims of privilege. See, e.g., Louisiana Generating, L.L.C. v. Illinois Union Ins. Co., 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege") (footnote omitted); see also McCoy v. Southwest Airlines Co., Inc., 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("Thus, a nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived") (citations omitted); see also Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs., Inc. 2010 WL 11443364, at *2 (W.D. Okla. May 18, 2010) ("Because Defendant did not state its claim of privilege within fourteen days of service of the subpoena on Cole & Reed, the Court concludes Defendant has waived any such claim.")

Neither party cited a great deal of Eighth Circuit caselaw on the issue. One court in Minnesota agrees at least in substantial part with a bright-line rule. See Bredemus v. International Paper Co., No. CV 06-1274 (PJS/RLE), 2008 WL 11348492, at *6, 7 (D. Minn. Aug. 22, 2008) (finding that witness waived any potential Free Flow of Information Act privilege because he never expressly asserted it or any other statutory privilege in his written

10

response to the subpoena, or in his deposition[2] "as required by Rule 45(d)(2)," but also discussing the possibility that witness's *pro se* status might supply an excuse.)

Overall, caselaw supports CP's claim that World Fuel's failure to timely raise objections waives any attorney-client privilege. Some courts find in "unusual circumstances and for good cause," failure to timely object will not bar consideration of objections. McCoy v. Southwest Airlines Co., Inc., 211 F.R.D. 381, 385 (C.D. Cal. 2002), citing American Electric Power Co. v. United States, 191 F.R.D. 132, 136 (S.D. Oh. 1999). Examples of "unusual circumstances" cited by the Court in McCoy include: "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." McCoy, 211 F.R.D. at 385, citing American Electric Power Co., 191 F.R.D. at 136; see also American Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC, 313 F.R.D. 39, 44 (N.D. Tex. 2015) (giving same three examples of "unusual circumstances" warranting consideration of untimely objections).

World Fuel does not argue the above framework for finding "unusual circumstances," and does not argue its application. CP addresses this alternative but argues none of the circumstances apply here. The Court agrees that no unusual circumstances are present here to excuse World Fuel's failure to timely object to the subpoena. First, the subpoena was not facially overbroad. Second, while World Fuel is a non-party, it is not an uninvolved witness who could claim surprise at the receipt of the subpoena; World Fuel was assignor of underlying claims who,

---

[2] According to the underlying docket in the case, the Bredemus deposition took place on March 21, 2008, 15 days after the subpoena was issued. See Doc. 274.

as Judge Torres noted in issuing his May 22 order, was facing at least four other subpoenas "in related cases involving the same actors seeking substantially similar documents." See Doc. No. 197-1, p. 8. Nor can the Court conclude World Fuel's failure rooted in good faith. Third, while there appears to have been some sort of phone call between counsel for CP and counsel for World Fuel on March 24 (21 days after service of the subpoena), it apparently "yielded little cooperation" other than a promise by World Fuel to update CP by April 3, which did not occur. See Doc. No. 197, p. 1-2, ¶ 4. Nothing suggests the phone call addressed *any* objections or identified any unusual circumstances. Thus, the court finds no excuse for World Fuel's inaction.

World Fuel's argument against waiver is summed up in the statement: "CP's argument that [World Fuel] waived its privilege objections by not raising them within *eight days* of being served the subpoena is unreasonable." See Doc. No. 266, p. 6 (emphasis in original). World Fuel would have a stronger argument if it had been at least close. But, World Fuel did not object at all until at least *52* days after service.

World Fuel draws the Court's attention to several legal authorities. It first points to Jenkins v. Michigan Dep't of Corr., No. 5:14-CV-11812, 2015 WL 1198043, at *2 (E.D. Mich. Mar. 16, 2015), and its holding that "untimely objection should not serve as a waiver" when a subpoena demanded compliance in less than 14 days. Turning to the cited opinion in Jenkins, an order granting in part and denying in part a motion to quash subpoena, the Court agrees with CP that the court in Jenkins faced a different set of circumstances than those present here. The defendants in Jenkins were served with several subpoenas between September 10, 2014 and September 12, 2014, and all of the subpoenas required compliance on or before September 15, 2014. Jenkins, 2015 WL 1198043, at *2. The defendants did not file their objections, in the form of a Motion to Quash, "before the earlier of the time specified for compliance or 14 days after

12

the subpoena is served," as prescribed by Rule 45(d)(2)(B). Id. at 2. Rather, they filed their Motion to Quash "approximately a week" after service of the subpoenas. Id. at 2. In explaining its decision to consider the defendants' objections despite their non-compliance with Rule 45(d)(2)(B), the Court wrote that "this situation, in which Defendants (including two non-parties) had only one to two days after service to comply and acted in good faith to file objections as soon as possible, represents an unusual circumstance under which untimely objection should not serve as a waiver." Id. at 2, citing among other cases American Electric Power Co. v. United States, 191 F.R.D. 132, 136 (S.D. Oh. 1999).

The contrasts between the actions of the defendants in Jenkins and those of World Fuel are striking. In Jenkins, the defendants filed their objections approximately seven days after service of the subpoenas; here, World Fuel provided nothing resembling a written objection to CP's subpoena, which was served on March 3, until it filed its response to CP's Motion to Compel on April 24, 2020 – approximately 52 days later. Even at the time of Judge Torres's May 22 Order granting CP's motion, he noted "it appears that, to date, Defendant has never responded to CP's subpoena despite CP serving it more than two months ago." See Doc. No. 197-1, p. 7. As such, the Court is not persuaded that the Jenkins decision helps World Fuel in its attempt to avoid a finding of waiver.

World Fuel also cites the district court case of Lopez v. Chertoff, where a court also found that objections were not waived. See Lopez v. Chertoff, No. CV 07-1566-LEW, 2009 WL 1575209, at *2 (E.D. Cal. June 2, 2009). Again, however, this case is distinguishable. In Lopez, the entity at issue was served with the subpoena on March 17, 2009, production was sought by March 26, 2009, and objections were filed in writing on March 31, 2009 – i.e., within 14 days of the original service date of the subpoena, but five days after the date specified for compliance.

13

Lopez , 2009 WL 1575209 at *2. Plaintiff argued that the objections were waived because they were provided after the date specified for compliance. Id. The Court rejected this argument after looking to the text of Rule 45(c)(2)(B), as well as the Advisory Committee Notes, and finding that service of objections within "14 days after the subpoena is served" is facially permitted by the rule. Id. As all objections were served within 14 days of service of the subpoena, the Court denied the plaintiff's request for a finding of waiver. Id. Again, World Fuel did not serve any objections within 14 days, so the Lopez holding does not help it.

The Lopez citation is World Fuel's last defense against CP's argument that it waived all claims of privilege due to its failure to immediately object to the subpoena. In its initial response, after citing Lopez, World Fuel simply moves on to CP's next argument, regarding the timing of its privilege logs and whether any alleged untimeliness resulted in a waiver. See generally Doc. No. 266. In the second set of briefing regarding this issue, World Fuel does not expand upon its short argument that privilege was not waived nor does it cite any additional authority besides Jenkins and Lopez. See generally Doc. No. 299.

In short, the law is not on World Fuel's side. While it does not appear that the Eighth Circuit has spoken directly on this issue, it is clear the prevailing trend among other courts is to find waivers of all objections, including attorney-client privilege, when such objections are not served within the time limits laid out in Fed. R. Civ. P. 45(d)(2)(B). Looking to the plain language of the rule itself – "The objection *must* be served before the earlier of the time specified for compliance or 14 days after the subpoena is served" – the undersigned can only agree. See Fed. R. Civ. P. 45(d)(2)(B). The Court therefore finds that World Fuel's failure to timely serve its objections has resulted in their waiver. While courts have at times fashioned exceptions in unusual circumstances, the court finds no grounds for such relief here.

14

The Court notes that, as of the time of World Fuel's March 23, 2021 Response, it was claiming privilege over all or part of only 246 documents out of 15,200 documents produced. See Doc. No. 299, pp. 1, 8. All documents are subject to a protective order. The undersigned may consider requests for modification of the Protective Order, if necessary. See Doc. No. 282, 283. Finally, discoverability of documents does not mean they are admissible in court. See Fed. R. Civ. P. 26(b)(1).

## IV.   CONCLUSION

The Court finds World Fuel waived all claims of attorney-client privilege after failing to timely object to CP's March 2020 subpoena. The Court need not reach CP's other arguments for waiver or its contentions as to the adequacy of World Fuel's individual privilege claims.

For the reasons stated above, the Court **GRANTS** CP's Motions to Compel (Doc. Nos. 258, 296) and **ORDERS** World Fuel to produce unredacted versions of the documents currently withheld on attorney-client privilege grounds within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2021.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter
United States Magistrate Judge