IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Joe R. Whatley, Jr., solely in his capacity as the WD Trustee of the WD Trust,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Canadian Pacific Railway Limited, Canadian Pacific Railway Company, Soo Line Corporation, and Soo Line Railroad Company,<br><br>　　　　　　　　　　　　　　Defendants. | Case No. 1:16-cv-00074 |

**ORDER DENYING MOTION FOR RECONSIDERATION
UNDER RULES 54(b) AND 59(e)**

**INTRODUCTION**

[¶ 1]   THIS MATTER comes before the Court on a Motion for Reconsideration under Rules 54(b) and 59(e) filed by Defendants Canadian Pacific Railway Company and Soo Line Railroad Company's (collectively, "CP") on January 18, 2024. Doc. No. 460. The Plaintiff, Joe R. Whatley, Jr. ("Whatley") filed a Response on February 15, 2024. Doc. No. 466. CP filed a Reply on February 22, 2024. Doc. No. 467. For the reasons set forth below, CP's Motion for Reconsideration is **DENIED**.

**DISCUSSION**

[¶ 2]   CP asks the Court to reconsider its decision to refrain from applying the Judgment Reduction Provisions ("JRP") under the District of Maine Bankruptcy Court's Order Confirming Trustee's Revised First Amended Plain of Liquidation Dated July 15, 2015, and Authorizing and Directing Certain Actions in Connection Therewith ("JRP"). Doc. No. 461. In making this

- 1 -

argument, CP contends the Court's prior order was not "final" under Rule 54, thus subject to modification. CP claims the Court overlooked or misunderstood the alleged mandatory nature of the JRP and the Court's decision was outside the adversarial issues presented to the Court. Whatley argues the Court did not err in refusing to apply the JRP because the JRP's express terms provide the Bankruptcy Court jurisdiction to apply it. Whatley also argues the prior Order was final and any squabbles with it may be addressed to the Eighth Circuit. The Court agrees with Whatley.

[¶ 3]   "The Federal Rules of Civil Procedure do not mention motions for reconsideration." Karg v. Transamerica Corp., No. 18-CV-134-CJW-KEM, 2019 WL 9093998, at *2 (N.D. Iowa Nov. 7, 2019) (quoting Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999)). "District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order." Id. "Depending on the circumstances, motions for reconsideration may be properly analyzed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b)." Id. Relevant here are Rules 54(b) and 59(e).

[¶ 4]   Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil procedure 60(b)." Allstate Ins. Co. v. Weber, No. 1:05CV00039-WRW, 2007 WL 1427598, at *2 (E.D. Ark. May 11, 2007). Pursuant to a Rule 54(b) motion to reconsider, an order that does not dispose of the case "may be amended to correct 'clearly' or 'manifestly' erroneous findings of facts or conclusions of law." Liquid Cap. Exch., Inc. v. BDC Grp., Inc., No.

20-CV-89 CJW-MAR, 2022 WL 499852, at *2 (N.D. Iowa Jan. 19, 2022). The Court notes, however, that a motion for reconsideration "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015); SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019).

[¶ 5] Rule 59(e) permits a court to alter or amend a judgment on a motion filed no later than 28 days after entry of judgment. This gives the Court power to correct a mistake in the judgment. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). The function of a Rule 59(e) motion is to correct "manifest errors of law or fact or to present newly discovered evidence." Id. (cleaned up).

[¶ 6] Under either standard, the Court will not reconsider its prior Order (Doc. No. 458). The Court denied CP's request to apply the JRP, concluding such relief is more appropriately considered by the Bankruptcy Court in Maine. Tellingly, CP offers no caselaw or statutes that purports to claim a Bankruptcy Order is binding upon this Court. Indeed, the JRP seems to contemplate it is not binding, despite its usage of "shall" in describing this Court's alleged responsibilities under the JRP. Doc. No. 1-2, pp. 37.  The JRP expressly states in relevant part:

> [The Bankruptcy Court] shall retain jurisdiction with respect to all matters concerning this Order, including, without limitation, hearing a petition for relief by a Barred Person or any other party in interest in the event that a court or tribunal hearing the Derailment-Related Cause of Action fails to apply the judgment reduction provisions of this Order.

Id. at p. 40, ¶ 70. In the paragraph immediately before this, the Bankruptcy Court order specifically enjoins the Plaintiff from collecting judgments against any Non-Settling Defendant "in any manner that fails to conform to the terms of this Order, including, without limitation, the Judgment Reduction Amount provision set forth at paragraph 64 herein." Id. at p. 40, ¶ 69. Reading these

paragraphs together, the Court concludes the Bankruptcy Court retained jurisdiction to resolve the issue presented by CP—whether it is by reducing the collectable amount to zero under the JRP or potentially enforcing the injunction at paragraph 69 of the order against Whatley (if applicable). Either way, the Court remains convinced the Bankruptcy Court is in the best position to enforce its own order.

[¶ 7]   The issue presented to this Court was whether it should apply the JRP to the judgment in this case. The Court answered in the negative with the caveat that CP is not prohibited from pursuing this issue in the Bankruptcy Court because the Bankruptcy Court is in the best position to interpret its own order, including the JRP. There is nothing in the caselaw or statutes that requires the Court to resolve this issue. The Bankruptcy Court's order seems to contemplate this by retaining jurisdiction to enforce the JRP in the event this Court does not. This Court will not apply the JRP, but this does not mean the Bankruptcy Court may not.[1] The Court will not reconsider its Order (Doc. No. 458) under either Rule 54(b) or 59(e).

## CONCLUSION

[¶ 8]   For the reasons set forth above, CP's Motion for Reconsideration is **DENIED**.

[¶ 9]   **IT IS SO ORDERED.**

DATED February 23, 2024.

Daniel M. Traynor, District Judge
United States District Court

---

[1] CP claims the Court held it did not have jurisdiction to enforce the Bankruptcy Court order. This Court never held the Bankruptcy Court had exclusive jurisdiction over the matter. This Court refrained from applying the JRP to its judgment, finding the Bankruptcy Court was the better venue or "proper jurisdiction" for adjudicating the issue. That is not the same as saying the Court lacks jurisdiction over the issue.